IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

GEORGETTE BROOKS,                )
                                 )
     Plaintiff,                  )
                                 )
v.                               )        No. 19-2568-MSN-tmp
                                 )
MEMPHIS POLICE DEPARTMENT         )
et al.,                          )
                                 )
     Defendants.                 )

_____

REPORT AND RECOMMENDATION
_____

Before the court by order of reference is Georgette Brooks's *pro se* complaint against various defendants.[1] For the reasons below, it is recommended that the complaint be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

I.    PROPOSED FINDINGS OF FACT

Brooks filed this complaint *pro se* on August 26, 2019. (ECF No. 1.) Brooks brings suit against either 56 or 57 defendants.[2] (Id. 1-9.)  Brooks sues under 42 U.S.C. § 1983, Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388

_____

[1]Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination or report and recommendation, as appropriate.

[2]The ambiguity on this point is because it is not clear to the undersigned whether ""D. Johnson, Travis, M. Becton" refers to two or three people.  (Id. at 2.)

- 1 -

(1971), and the Fair Debt Collection Practices Act. Brooks's §

1983 claims allege violations of the 4th, 5th, 9th, 10th, and 14th

Amendments to the Constitution, as well as 18 U.S.C. § 2314, 42

U.S.C. § 3617, the Baker Act,[3] and "the police powers." (Id. at 3-

4.) Brooks's Bivens claims assert violations of the same federal

provisions of federal law, as well as "the right to be protected

from the color of law." (Id. at 3-4.) At another point in the

complaint, Brooks lists 24 "crimes that have been committed against

me and my property," though whether this is designed to add further

claims or to reiterate the claims already asserted earlier in the

complaint is unclear. (Id. at 30-31.) Brooks does not identify

which defendants are being sued for which claims, nor, with two

exceptions, whether defendants are being sued in their individual

capacities, official capacities, or both.[4]

    To the extent it is practicable to summarize the complaint,

Brooks's claims relate to: (1) a repossession action to recover

Brooks's car; (2) an involuntary commitment of Brooks to a

psychiatric facility; (3) the seizure of Brooks's dogs by the city

following her commitment to a psychiatric facility; (4) an unclear

number of incidents in which certain police officers allegedly

---

[3]The undersigned construes this as a reference to Tennessee's
involuntary commitment statute. See Tenn. Code Ann. § 33-6-105.

[4]The two defendants who are identified as being sued in a specific
capacity are Amanda Sutter and Matthew Beleu, both of whom are
sued in their official capacities. (Id. at 3.)

used excessive force against her; (5) an unclear number of disputes

either in state court or with state court officials; (6) a number

of disputes with attorneys Brooks or Brooks's family hired to

represent her in her state court disputes; (7) an alleged attempted

break-in at Brooks's house by a Memphis animal control officer;

and (8) Brooks's breakup with her longtime boyfriend.

Brooks's complaint runs for 45 pages. Some portions of the

complaint have separate paragraphs, while others do not. The

paragraphs are not numbered. The complaint's allegations are not

in chronological order; the complaint routinely jumps between

different times, places, people, and incidents without transition

or context. Many of the complaint's allegations are written in a

form that makes it difficult to identify what Brooks is alleging.

For example, early in Brooks's complaint, she alleges the city

police and fire departments "broke her door down" and "dragged

[her] out of [her] home[.]" (Id. at 4.) Later in the same

paragraph, apparently when describing the same incident, Brooks

says she was "sitting in [her] car on [her] property" and "never

got out of my car during this metting [sic]." (Id.) Similarly, a

later paragraph in the complaint alleges that: "Cornellious

Bostick knew to file an 'INJUNCTION' because he mentioned it but

'REFUSED' AND GOT ANGRY WITH ME FOR FILING MY REPLEVIN." (Id. at

41.) The complaint does not identify who Cornellious Bostick is,

does not give information on his relationship to either the

- 3 -

plaintiff or to the other allegations in this complaint, and does not name Bostick as a defendant. These specific examples are representative of the lack of clarity in the overall complaint.

Brooks seeks a variety of forms of relief. In terms of money damages, Brooks seeks $190 million in compensatory damages, $490 million in punitive damages, $10 million for each dog owned by Brooks that has died, and $500,000 in anticipated future medical expenses. (Id. at 5.) Brooks also seeks an injunction against Memphis Animal Services and the City of Memphis to compel them to return Brooks's dogs, appointment of a monitor to supervise the return of her dogs, and for unspecified defendants to be held in contempt until Brooks's dogs are returned. (Id.) Brooks also seeks a court-ordered apology from unspecified defendants. (Id.)

On September 9, 2019, this court issued an order notifying Brooks that it appeared that her complaint did not comply with the basic notice pleading rules in the Federal Rules of Civil Procedure. (ECF No. 6.) The court granted Brooks thirty days to amend her complaint and cautioned that if Brooks failed to do so, the court would screen her complaint under the 28 U.S.C. § 1915(e)(2)(B)(i-iii) standard in its current form. (Id.) Brooks did not file an amended complaint within thirty days of that order, but instead sought an extension of time to amend her complaint. (ECF No. 9.) The court granted that extension, allowing Brooks to file an amended complaint eleven days later than the court's

original deadline. (ECF No. 10.) Brooks did not file an amended complaint by that deadline. Instead, Brooks sought another extension. (ECF No. 11.) The court granted that extension, allowing Brooks another eight days to file an amended complaint. (ECF No. 12.) Brooks did not file an amended complaint by that deadline. Instead, Brooks sought another extension. (ECF No. 13.) The court granted that extension, allowing Brooks another seven days to file an amended complaint. (ECF No. 14.) In that order, the court warned that "[p]laintiff shall not receive any future extensions to file her amended complaint." (Id.) Brooks did not file an amended complaint by that deadline. Instead, Brooks sought another extension for an additional day to file an amended complaint. (ECF No. 15.) The court granted that extension, cautioning that "[i]f plaintiff does not file an amended complaint today, the court will consider the complaint in the form it currently takes under the § 1915 screening standard." (ECF No. 16.) Brooks did not file an amended complaint by that deadline, but instead sought another extension, which the court denied. (ECF Nos. 17, 18.)

## II.   PROPOSED CONCLUSIONS OF LAW

### A.   Standard of Review

This court is required to screen *in forma pauperis* complaints and must dismiss any complaint, or any portion thereof, if the action: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief

- 5 -

against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i-iii).

To avoid dismissal for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)); see also Fed. R. Civ. P. 12(b)(6). "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  Center for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 369 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 678). Without factual allegations in support, mere legal conclusions are not entitled to the assumption of truth.  Iqbal, 556 U.S. at 679.

Pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers, and are thus liberally construed. Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011). Even so, pro so litigants must adhere to the Federal Rules of Civil Procedure, see Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989), and the court cannot create a claim that has not been spelled out in a pleading. See Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011); Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003).

**B.   The Required Form of Pleadings**

The Federal Rules of Civil Procedure establish certain requirements that anyone filing a complaint in federal court – *pro se* or otherwise – must follow. Rule 8(a)(2) requires that: "[a] pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Rule 8(d)(a) requires that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(a). Rule 10(b) requires that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Rule 10(b) further requires that "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense." Fed. R. Civ. P. 10(b).

These rules are not a mere technicality. The purpose of notice pleading is two-fold: (1) to allow a person who is being sued to understand why he or she is being sued and (2) to give that person an opportunity to respond. See Twombly, 550 U.S. at 555 (2007) (notice pleading exists "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." (internal citations and modifications omitted)); Fed. R. Civ. P. 8(b) (requiring a party filing an answer to "admit or deny the allegations asserted against it by an opposing party."). Notice, followed by a meaningful opportunity to be heard, is the core of

- 7 -

due process. <u>LaChance v. Erickson</u>, 522 U.S. 262, 266 (1998). A complaint that fundamentally fails to comply with these rules cannot give adequate notice to a defendant of why the defendant is being sued. Similarly, it is impracticable for a defendant to respond to a complaint that does not comply with these rules in a meaningful fashion.

Brooks's complaint does not comply with the notice pleading rules. The complaint does not present "a short and plain statement of the claim showing that the pleader is entitled to relief" with "simple, concise, and direct" allegations as required by Rule 8. Likewise, the complaint is not in numbered paragraph form separated into separate counts for each occurrence as required by Rule 10 for a claim of this nature. Indeed, the complaint does not answer the questions of who is being sued, for what, and why. It is recommended that Brooks's complaint be dismissed for failure to state a claim.

### III.  RECOMMENDATION

For the reasons above, it is recommended that the court *sua sponte* dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

November 19, 2019

Date

## NOTICE

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS.  ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2).  FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**